UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TROY SHELTON,                                                                                                Plaintiff,

v.                                                                              Civil Action No. 3:16-cv-563-DJH

PRINT FULFILLMENT SERVICES, LLC,                                                Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Troy Shelton filed suit in Jefferson Circuit Court against his employer Defendant Print Fulfillment Services, alleging that he was treated less favorably than other employees based on his race and was "subjected to racially hostile comments." (Docket No. 1-1, PageID # 13) Print Fulfillment Services removed the case to this Court. (D.N. 1) Shelton filed a motion to remand, alleging that there was no diversity of citizenship and the amount in controversy did not exceed $75,000. (D.N. 5) Shelton's motion included a stipulation that he would not seek or accept more than $75,000. (*See* D.N. 5-1) Because the Court finds that Shelton's stipulation is a clarification of damages, rather than a reduction, the motion to remand will be granted.

**I.      BACKGROUND**

Troy Shelton alleges that he was "treated less favorably that his non-African American counter parts [sic] and subjected to racially hostile comments." (D.N. 1-1, PageID # 13) In his complaint, Shelton stated that he would be seeking compensatory damages for lost wages, lost benefits, "emotional distress, mental anguish, humiliation and embarrassment," as well as punitive damages, attorney's fees and costs, and statutory interest. (*Id*., PageID # 13–14) Consistent with Kentucky law, Shelton's complaint did not state the amount of damages. *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 777 (E.D. Ky. 2014).

Print Fulfillment Services (PFS) removed the case to federal court, invoking the Court's diversity jurisdiction. (D.N. 1, PageID # 1–2) PFS asserted that diversity of citizenship was satisfied because Shelton is a citizen of Kentucky and PFS is a citizen of Nevada. (*Id*., PageID # 2) PFS also argued that the jurisdictional limit of $75,000 was met based on their estimated calculations for compensatory damages, punitive damages, and attorney's fees and costs. (*Id*., PageID # 2–6)

Shelton has now filed a motion to remand the case to Jefferson Circuit Court, arguing that PFS is a citizen of Kentucky and the amount in controversy is less than $75,000. (D.N. 5, PageID # 41) In support of his motion, Shelton stipulated that "he will not seek or accept" more than $75,000. (*Id*.; *see also* D.N. 5-1) PFS responds that the case should not be remanded because: (1) "there is complete diversity of citizenship between the Plaintiff and Defendant," (2) "the reasonable value of Plaintiff's claims met the amount in controversy requirement at the time of removal," and (3) "Plaintiff's post-removal stipulation is not unequivocal." (*See* D.N. 7)

**II.   DISCUSSION**

A federal district court has diversity jurisdiction where the amount in controversy exceeds $75,000, "exclusive of interest and costs," and "the matter . . . is between citizens of different States." 28 U.S.C. § 1332(a); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 585 (2005); *Siding & Insulation Co. v. Acuity Mut. Ins. Co*., 754 F.3d 367, 369 (6th Cir. 2014).

**A.  Citizenship**

Unlike the citizenship of a corporation, an LLC's citizenship is not determined by the company's state of organization and principal place of business, but rather by "the citizenship of each of its members." *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir.

2015) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). In its notice of removal, PFS stated that it "is a limited liability corporation with its principal place of business in Louisville, Kentucky." (D.N. 1, PageID # 2)  PFS also stated that the sole member of PFS is FarHeap Solutions, Inc., a Nevada corporation with its principal place of business in Las Vegas, Nevada.  (*Id*.)  FarHeap Solutions, Inc. is a citizen of Nevada because it is incorporated and has its principal place of business in Nevada.  *See Varsity Brands, Inc.*, 799 F.3d at 494.  As a result, PFS is a citizen of Nevada because it is an LLC whose sole member is a citizen of Nevada.  *Id*.  Because PFS is a citizen of Nevada and Shelton is a citizen of Kentucky, PFS has adequately alleged diversity of citizenship.

### B. Amount in Controversy

Removal is proper "'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)).  When "the defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides . . . whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.  Because "jurisdiction is determined as of the time of removal," the Sixth Circuit has held that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court."  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).  However, "when a post-removal stipulation is the first specific statement of the alleged damages then it is considered a clarification, rather than a reduction, and the case may be remanded." *Tankersley*, 33 F. Supp. 3d at 780.

Therefore, the issue here is whether Shelton's stipulation regarding damages is a clarification or a reduction. (*See* D.N. 5-1) In Kentucky, the state rules of civil procedure "prohibit plaintiffs from articulating the specific amount that they seek to recover in their complaint." *Tankersley*, 33 F. Supp. 3d at 777 (citing Ky. R. Civ. P. 8.01(2)). Therefore, in cases removed from Kentucky state courts, a post-removal stipulation such as the one at issue here is generally the "first specific statement of the alleged damages." *Id*. at 780. Nevertheless, "only unequivocal statement[s] and stipulation[s] limiting damages" will suffice, meaning there must be "an actual limitation on the amount of a potential judgment. . . . To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (internal quotation marks omitted) (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)).

The plaintiff in *Shupe* argued that the court should have remanded the case because both her pre-suit letter to the defendant and post-suit affidavit sufficiently limited damages. *Id*. at 480–81. In the pre-suit letter, the plaintiff stated that she would "consider taking a lump sum cash payment in the sum of $60,000.00." *Id*. at 480. The Sixth Circuit held that this offer did not "meet the federal amount-in-controversy requirement" because the $60,000 offer did "not take into account the request in her complaint for damages for embarrassment, humiliation, or emotional distress, or for punitive damages or attorney's fees." *Id*. at 481.

Additionally, in her post-suit affidavit, the plaintiff stated:

I have never believed or been led to believe that I could recover or receive more than $75,000. . . . I have never demanded, claimed, requested or otherwise indicated in any way to any person that I seek or desire more than $75,000. . . . I have never sought more than $75,000 . . . for any and all claims which could be, or have been raised in this lawsuit.

*Id*. The Sixth Circuit concluded that this post-suit affidavit was not an "unequivocal limitation on damages" because (1) the plaintiff's statements were not "an actual limit on the potential judgment she would receive," (2) the plaintiff's "statements [were] backward looking," and (3) the plaintiff did "not mention the potential judgment in her case at all." *Id*. at 482.

In deciding *Shupe*, the Sixth Circuit looked to three district court cases from the Western District of Kentucky. In the first, *Egan v. Premier Scales & Systems*, the district court "found that the statement that the plaintiff 'will accept a sum of $74,999 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount' was not an unequivocal stipulation." *Id*. at 487 (quoting *Egan*, 237 F. Supp. 2d at 778). In contrast, in *Van Etten v. Boston Scientific Corp.*, the district court held that the following statement was sufficient to support remand:

> The plaintiff, by counsel, hereby certifies to the Court that he will not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000.00. Plaintiff's claim will be for an amount less that $75,000.00 and, therefore, this court lacks jurisdiction to sustain the removal of the case from the Jefferson Circuit Court.

No. 3:09cv-442-H, 2009 WL 3485909, at *1 (W.D. Ky. Oct. 23, 2009). The district court reasoned that "Plaintiff's statement leaves no doubt or out. As such, it does meet the Court's minimum requirement of being an unequivocal stipulation that he will seek less than $75,000 in damages in his complaint." *Id*. at *1–2. Similarly, in *Spence v. Centerplate,* the Court found "that the statement that the plaintiff 'will not seek *or accept* an award of damages in excess of $74,999.00 inclusive of punitive damages, attorney's fees, and the fair value of any injunctive relief' was an unequivocal stipulation limiting damages." *Shupe*, 566 F. App'x at 481–82 (quoting *Spence v. Centerplate*, 931 F. Supp. 2d 779, 780, 782 (W.D. Ky. 2013)).

Here, Shelton's stipulation provides:

5

1. The amount in controversy in this matter, including back pay, front pay, compensatory damages, punitive damages, and attorney's fees sought by Plaintiff, does not exceed the sum or value of $75,000.00, exclusive of interest and costs, and will not exceed the sum or value of $75,000.00, exclusive of interest and costs, at any time up to and including trial and any subsequent appeals;

2. Plaintiff will not seek a judgment or request a verdict for an amount in excess of $75,000.00 and will not seek attorney's fees for any amount that, together with any judgment or verdict, would exceed $75,000; and

3. Any judgment for money damages entered in this matter in favor of Plaintiff for back pay, front pay, compensatory damages, [and] punitive damages will not exceed the sum or value of $75,000.00, exclusive of interest and costs. If a judgment is rendered awarding Plaintiff a sum in excess of this amount, Plaintiff will not seek to enforce or collect, and will not be entitled to enforce or collect, any such award in excess of $75,000.00.

(D.N. 5-1, PageID # 43–44)  Like the plaintiff in *Spence*, Shelton explicitly stated that he will neither seek nor accept an award of more than $75,000.  (D.N. 5, PageID # 41)  *See Spence,* 931 F.Supp. 2d at 780.  And as in *Van Etten*, Shelton's stipulation provides that he will not make a claim for or pursue damages and attorney fees in excess of $75,000.  (D.N. 5-1, PageID # 43)  *See Van Etten*, 2009 WL 3485909, at *1–2.  Furthermore, unlike the plaintiff in *Shupe*, Shelton is not "merely say[ing] that [he] will not accept money in excess of a certain amount," he is also limiting the judgment and the demand.  *Shupe*, 566 F. App'x at 481.  Because Shelton has limited himself to the constraints of his stipulation, his post-removal stipulation of damages is unequivocal.  *See Shupe*, 566 F. App'x at 482; *Van Etten*, 2009 WL 3485909, at *1–2; *Egan*, 237 F. Supp. 2d at 487.

Because of the limits placed on plaintiffs by the Kentucky Rules of Civil Procedure, Shelton's stipulation is the first time he provided a "specific statement of the alleged damages." *Tankersley*, 33 F. Supp. 3d at 780.  Because Shelton had not previously specified an amount of damages and the post-removal stipulation was unequivocal, the Court finds that Shelton's

stipulation is a clarification, rather than a reduction. *See id*. Consequently, the jurisdictional limit has not been met, and the case should be remanded. *Id*.

### III. CONCLUSION

Because the amount in controversy does not meet the jurisdictional limit, the Court lacks diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The plaintiff's motion to remand (D.N. 5) is **GRANTED**.

(2) The Court **REMANDS** this case to Jefferson Circuit Court.

(3) This action is **STRICKEN** from the Court's docket.

January 30, 2017

**David J. Hale, Judge
United States District Court**

7